IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PETER HELLMUTH EGGERT,<br>Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:12-CV-412-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Peter Hellmuth Eggert, TDCJ-ID #01760086, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Humble, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

A jury found petitioner guilty of bribery in the 266th District Court of Erath County, Texas, Case No. CR12122 and, on August 27, 2008, assessed his punishment at ten years' confinement, probated for ten years, and a $10,000 fine.[1] (Clerk's R. at 116) Petitioner appealed his conviction, but the state appellate court affirmed the trial court's judgment, and, on November 17, 2010, the Texas Court of Criminal Appeals denied petitioner's petition for discretionary review. *Eggert v. State*, No. 07-08-0495-CR, 2010 WL 134853 (Tex. App.–Amarillo Jan. 14, 2010); *Eggert v. State*, PDR No. 512-10. Petitioner did not file a petition for writ of certiorari; therefore, his conviction became final under state law on February 15, 2011, 90 days after his petition for discretionary review was refused. (Pet. at 3) 28 U.S.C. § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1.

On January 13, 2012, petitioner's community supervision was revoked and his 10-year sentence was ordered to run consecutively to his 2-year sentence for conspiring to fabricate physical evidence in Case No. CR12121. (Resp't Ans., Ex. A) On March 12, 2012, petitioner filed a state application for writ of habeas corpus, raising one or more of the claims presented herein, which was dismissed by the Texas Court of Criminal Appeals on May 30, 2012, purportedly because petitioner's "[c]ommunity supervision not revoked." (01State Habeas R. at cover[2]) This federal petition for writ of habeas corpus was filed on June 18, 2012.

---

[1] The trial court also ordered that petitioner serve 120 days in the Erath county jail as a condition of community supervision. (RR, vol. 9, at 6)

[2] "01State Habeas R." refers to the state court record in petitioner's state habeas Application No. WR-77,631-01.

2

D. ISSUES

Petitioner states the following four grounds for habeas relief:

"(1)  Actual innocence – No legal sentencing existed/Trial court's lack of personal and/or subject matter jurisdiction;

(2)  Retaliatory judicial bias and malicious prosecutorial misconduct under color of law;

(3)  Ineffective assistance of counsel – Gerry Morris, retained; and

(4)  False imprisonment/Cruel and unusual punishment."

(Pet. at 6-7, 11-20)

E. RULE 5 STATEMENT

Respondent believes petitioner's claims are time-barred under 28 U.S.C. § 2244(d)(1) and/or unexhausted as required by 28 U.S.C. § 2254(b)(1).  (Resp't Ans. at 6-15)

F. DISCUSSION

*1. Statute of Limitations*

Respondent asserts that to the extent petitioner challenges his original conviction for bribery, the petition is time-barred under the federal statute of limitations.  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (1)(A), applicable to petitioner's claims involving the original trial court proceedings, his conviction, and/or his sentence, the limitations period commenced when the trial court's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. As previously noted, the judgment of conviction became final on February 15, 2011, upon expiration of the time petitioner had for seeking certiorari in the United States Supreme Court, triggering the one-year limitations period, which closed one year later on February 15, 2012, absent any tolling. *Id.* § 2244(d)(1)(A). Petitioner's argument that the date the appellate court's mandate issued is, or should be, the trigger date, has been rejected by the Supreme Court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Nor does petitioner's state habeas application, filed on March 12, 2012, after limitations had already expired, operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, the petition,

filed on June 18, 2012, is untimely as to petitioner's claims pertaining to the original trial court proceedings, his conviction, and/or his sentence.

### 2. *Exhaustion*

Respondent also asserts that to the extent petitioner challenges the revocation of his community supervision in January 2012, the petition should be dismissed on exhaustion grounds. 28 U.S.C. § 2254(b)(1), (c). (Resp't Ans. at 11-15) However, petitioner states in his reply brief that he "did not ask for any habeas relief <u>regarding the revocation of his probation</u>" and "[t]herefore, any reference to the probation revocation is intended solely to show the detrimental consequences of the trial court's violation of [his] constitutionally guaranteed rights." (Pet'r Reply at 9) Clearly, based on petitioner's statements, he does not raise any claims relevant to or seek habeas relief as a result of the revocation of his community supervision.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition be dismissed as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 29, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection,

and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until March 29, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 8, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

6