IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PETER HELMUTH EGGERT, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:12-CV-412-Y |
| | § | |
| WILLIAM STEPHENS,[1] | § | |
| Director, T.D.C.J. | § | |
| Correctional Institutions Div., | § | |

ORDER OVERRULING PETITIONER'S OBJECTIONS,
ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Peter Helmuth Eggert under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.  The pleadings and record;

2.  The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 8, 2013; and

3.  The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 27, 2013.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons set forth here.

In this case, Eggert challenges his 2008 judgment of conviction in the 266th Judicial District Court, Erath County, Texas, for bribery in case number CR 12122. Although Eggert received a ten-year sentence of confinement, that sentence was initially probated. On January 13, 2012, the district court entered a judgment revoking

---

[1]As William Stephens has replaced Rick Thaler as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, he has automatically been substituted as Respondent. Fed. R. Civ. P. 25(d)(1).

Eggert's probation and sentencing him to serve 10 years in the institutional division of TDCJ.  Although the respondent argued that some of Eggert's claims in this § 2254 proceeding could be read to relate to this revocation of probation, as noted by the magistrate judge, Eggert expressly disclaimed this, stating in his reply that he "did not ask for any habeas relief regarding the revocation of his probation." (Eggert's Reply at 9.)   Thus, the magistrate judge found that Eggert did not raise any claims relevant to or seek habeas corpus relief as a result of the revocation of probation/community supervision. Eggert does NOT object to this finding.

Eggert does object to the magistrate judge's finding that this § 2254 petition and its challenges to the bribery conviction are time-barred under 28 U.S.C. § 2244(d)(1)(A).  Eggert filed a direct appeal from the August 2008 judgment, but the state appellate court affirmed the conviction on January 14, 2010. *Eggert v. State,* No.07-08-00495-CR, slip op. (Tex. App.-Amarillo 2010).   The Texas Court of Criminal Appeals refused Eggert's petition for discretion-ary review (PDR) on November 17, 2010. *Eggert v. State,* PDR No. 0512-10 (Tex. Crim. App. 2010). Eggert did not file a petition for writ of certiorari; therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on February 15, 2011, 90 days after his petition for discretionary review was refused. As found by the magistrate judge, Eggert's one-year window to file therefore closed on February 15, 2012. This petition under § 2254, filed on June 18, 2012, is untimely. Notably, Eggert's state application for habeas relief was filed on March 12, 2012, after limitations had already expired. Thus, that application does not operate to toll

2

the limitations period,[2] and there is no need to calculate the period such state application was pending under 28 U.S.C. § 2244(d)(2).

Eggert objects to the magistrate judge's failure to accept his argument that the date of the intermediate appellate court's issuance of a mandate (March 29, 2011) should be considered in the determination of finality under § 2244(d)(1)(A). The magistrate judge referred to the recent decision of the Supreme Court in *Gonzalez v. Thaler,* 132 S.Ct. 641 (2012), which reaffirmed prior decisions in *Clay v. United States,* 537 U.S. 522, 529 (2003) and *Jimenez v. Quarterman,* 555 U.S. 113, 120 (2009), that a resolution of when a judgment becomes final under § 2244(d)(1)(A) is not controlled by the issuance of a mandate, but rather "the direct review process [under § 2244(d)(1)(A)] either 'concludes' or 'expires,' depending on whether the petitioner pursues or foregoes direct appeal to [the Supreme] Court."[3]

Eggert contends that he justifiably relied upon the decision of the United States Court of Appeals for the Fifth Circuit in *Watts v. Brewer,* 416 Fed. App. 425 (5th Cir. March 4, 2011). *Watts* recognized that for purposes of § 2244(d)(2), state post-conviction procedural rules must be considered, including in that instance Mississippi law that considers issuance of the mandate in determin-

---

[2]*Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000).

[3]*Gonzalez,* 132 S.Ct. at 653-654 ("We now make clear what we suggested in those [*Clay* and *Jimenez*] cases; [t]he text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such review,' consists of two prongs. Each prong--the 'conclusion of direct review' and the 'expiration of the time for seeking such review'--relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'--when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'--when the time for pursuing direct review in this Court, or in state court, expires").

ing finality of appellate review.[4] But the Fifth Circuit, in *Watts*, distinguished the analysis applicable to § 2244(d)(2) from that applicable to § 2244(d)(1)(A), and noted prior decisions of that court holding the issuance of the mandate as irrelevant to § 2244(d)(1)(A).[5] The Fifth Circuit explained in *Gonzalez v. Thaler:* "In *Roberts* [*v. Cockrell*], we held that the issuance of a mandate by a state court is irrelevant to determining when a judgment becomes "final" for the purposes of § 2244(d)(1)(A)."[6] Thus, Eggert's arguments based upon *Watts* are misplaced and provide no basis for the Court to recalculate the timeliness of this action under § 2244(d)(1)(A).[7] Furthermore, because Eggert's arguments based upon his reliance upon *Watts* are inaccurate, his attempt to claim entitlement to equitable tolling based upon that case is without merit.

In sum, Eggert's objections to the magistrate judge's findings, conclusions, and recommendation are overruled. Therefore, the findings, conclusions, and recommendation of the magistrate

---

[4] *Watts v. Brewer,* 416 Fed. Appx. at 428-29.

[5] *Id.,* at 429 (citing *Roberts v. Cockrell,* 319 F.3d 690, 694-95 (5th Cir. 2003) and *Gonzalez v. Thaler,* 623 F.3d 222, 225-26 (5th Cir. 2010)), *aff'd,* 132 S.Ct. 641 (2012)(discussed infra).

[6] *Gonzalez,* 623 F.3d at 224 (citing *Roberts,* 319 F.3d at 694-95)).

[7] Eggert previously filed a petition for writ of habeas corpus in this district challenging a different conviction in the 266th Judicial District Court in case number CR12121 for conspiracy to fabricate physical evidence. *Eggert v. Bryant,* No.4:11-CV-495-A, 2012 WL 1700385 (N.D. Tex.  May 15, 2012 Order and Judgment Denying § 2254 petition). In that proceeding, Eggert's state application for writ of habeas corpus included the unusual intermediate appeal to the Eleventh Court of Appeals under the procedures of Texas Code of Criminal Procedure article 11.072, § 8, and Rule 31 of the Texas Rules of Appellate Procedure, such that the federal court considered whether the issuance of the mandate of that appellate court related to the determination of the period of tolling under § 2244(d)(2). *Eggert v. Bryant,* No.4:11-CV-495-A (November 4, 2011, Supplemental Order to Show Cause).

judge are ADOPTED.

Petitioner Peter Helmuth Eggert's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[8] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[9] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[10] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[11]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Eggert has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the March 8, 2013 Findings, Conclusions, and Recommendation of the United States

---

[8]*See* Fed. R. App. P. 22(b).

[9]RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[10]28 U.S.C.A. § 2253(c)(2)(West 2006).

[11]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Magistrate Judge, and for the reasons set forth herein.[12]

Therefore, a certificate of appealability should not issue.

SIGNED July 8, 2013.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).